ORLONZO HEDRINGTON

3226 W. SPRUCE

FRESNO, CA 93711

(559)978-1614



FILED

FEB 08 2023

CLERK U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____
DEPUTY CLERK

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Peter L. Fear, in his capacity as the Trustee of Chapter 7 Bankruptcy Estate of Orlonzo Hedrington,<br>    Plaintiff,<br>    v.<br>United States of America,<br>    Defendant | Case No.: 2:18-cv-02333-KJM-DB<br><br>**NOTICE OF APPEAL** |

Plaintiff Peter L. Fear, in his capacity as the Trustee of Chapter 7 Bankruptcy Estate of Orlonzo Hedrington hereby appeals to the United States Court of Appeals for the Ninth Circuit from the Court's order granting Defendant United States of America motion for Summary Judgement.. A copy of said order is attached hereinto and marked as Exhibit A.

Dated: January 07, 2023

Respectfully Submitted,

_____
Orlonzo Hedrington

EXHIBIT "A"

ORDER

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Peter L. Fear, in his capacity as the Trustee of the Chapter 7 Bankruptcy Estate of Orlonzo Hedrington,<br><br>Plaintiff,<br><br>v.<br><br>United States of America,<br><br>Defendant. | No. 2:18-cv-02333-KJM-DB<br><br>ORDER |

Plaintiff Peter Fear, as the trustee of the bankruptcy estate of Orlonzo Hedrington, brings this negligence suit against the United States under the Federal Tort Claims Act (FTCA). The United States moves to dismiss for lack of subject matter jurisdiction, and in the alternative, moves for summary judgment, (1) asserting Fear's lawsuit is barred under the doctrine of res judicata, and (2) claiming insufficient evidence supports a negligence claim against the United States. For the reasons below, the court **denies** the motion to dismiss, but **grants** the motion for summary judgment based on both res judicata and insufficient evidence.

I.  **BACKGROUND**

Hedrington underwent a coronary artery bypass graft procedure, as well as post-surgery recovery treatment, at David Grant Medical Center at Travis Air Force Base in California. Compl. at 1, ECF No. 1; Frueh Decl. Ex E (Hedrington Dep.) at 22:19–23:15, ECF No. 56-8.

1  One day, hospital employees left Hedrington unattended for 20 minutes in a secluded area.
2  Hedrington Decl. ¶ 3, ECF No. 58. When he complained about chest pain, either his physical
3  therapist or surgeon injected him with a syringe, which rendered him unconscious. Frueh Decl.
4  Ex. C at 8:20–9:4, ECF No. 56-6; Hedrington Dep. at 74:24–76:3. While Hedrington was
5  unconscious, his physical therapist sexually assaulted him. Hedrington Dep. at 81:24–82:17;
6  Compl. ¶ 9.
7        Hedrington brought his negligence claim against David Grant Medical Center, an agency
8  of the United States, under the FTCA. *See generally* Compl. At hearing on the pending motion,
9  Fear clarified this negligence claim is predicated solely on the hospital's negligent supervision of
10 Hedrington, which allowed Hedrington's assailants to drug and sexually assault him. *See* Compl.
11 at 1–2 (alleging federal employees "negligently supervised and transported [Hedrington] to and
12 from physical therapy and recovery [such] that [he] was allowed to be drugged and sexually
13 touched and penetrated without his consent . . . .").
14       The United States previously moved for summary judgment for lack of standing, asserting
15 Hedrington did not disclose his claim against the United States in bankruptcy. *See* Mot. Summ.
16 J., ECF No. 23. Hedrington resolved this nondisclosure issue with Fear, the bankruptcy trustee,
17 by agreeing to split any proceeds from this case. Nelson Suppl. Decl. Ex. A § I ¶¶ 1–9,
18 ECF No. 30. Fear substituted himself for Hedrington as plaintiff in this action. Stip. & Order,
19 ECF No. 44. The court then denied the government's motion for summary judgment as moot.
20 Min. Order, ECF No. 48. After Fear's substitution in this case, Hedrington filed a separate
21 lawsuit pro se, which the court dismissed based on statute of limitations.[1] *See* Order, *Hedrington*
22 *v. County of Solano, et al.*, No. 21-414 (E.D. Cal. Dec. 15, 2021), ECF No. 41 (*Hedrington*). The
23 parties have completed discovery in this case. *See* Mins, ECF No. 46.
24       As noted, the United States now moves to dismiss Fear's complaint for lack of subject
25 matter jurisdiction. *See* Mot., ECF No. 56. In the alternative, the United States moves for
26 summary judgment, asserting Fear's lawsuit is barred under the doctrine of res judicata, and

---

[1] The government alerted Fear about Hedrington's separate lawsuit, but Fear did not take any action there. Frueh Decl. ¶¶ 3–6, 8, ECF No. 56-3.

2

claiming insufficient evidence supports a negligence claim against the United States. *Id.* at 1. Fear opposes. Opp'n, ECF No. 57. The United States has replied. Reply, ECF No. 60. The court held a hearing on November 4, 2022. Mins. Mot. Hr'g, ECF No. 62. Bruce Neilson appeared for Fear. Joseph Frueh appeared for the United States.

## II. MOTION TO DISMISS

This court's jurisdiction over claims against the United States depends on the United States' consent to be sued. *United States v. Mitchell*, 445 U.S. 535, 538 (1980); U.S. Const. amend. XI. Under the FTCA, the United States has waived immunity "for injury . . . caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 1346(b)(1). But the FTCA also provides several exceptions to that waiver, including the "intentional-tort" exception. *See id.* § 2680(a)–(n). The intentional-tort exception bars the torts enumerated in 18 U.S.C. § 2680(h), such as assault and battery, but the exception does not bar a plaintiff from bringing a negligence claim against federal employees who allowed the intentional tort to occur. *Sheridan v. United States*, 487 U.S. 392, 401–02 (1988).

As reviewed above, Fear asserts the federal hospital's negligent supervision of Hedrington caused the sexual assault against him. At hearing, the United States conceded sovereign immunity would not bar this negligence claim, a position with which the court agrees. Under California law, a hospital has a duty to safeguard its patient, although the reasonable "care and diligence is measured by the capacity of the patient to care for himself." *See Valentin v. La Société Francaise De Bienfaisance Mutuelle De Los Angeles*, 76 Cal. App. 2d 1, 4 (1946); *see also Bennett v. United States*, 44 F.4th 929, 933 (9th Cir. 2022) ("The FTCA [ ] incorporates substantive state law as federal law to determine liability."). Fear's claim, alleging the federal hospital breached its duty to Hedrington, falls within the FTCA's negligence waiver. 28 U.S.C. § 1346(b)(1). The FTCA's intentional-tort exception also does not bar Fear's claim against federal employees whose negligence facilitated the alleged drugging and sexual assault of Hedrington. *Sheridan*, 487 U.S. at 401–02. Accordingly, sovereign immunity does not bar

Fear's negligence claim against the United States. The court **denies** the government's motion to dismiss for lack of subject matter jurisdiction.

### III. MOTION FOR SUMMARY JUDGMENT

#### A. Legal Standard

Summary judgment is appropriate if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute is "genuine" if "a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is "material" if it "might affect the outcome of the suit under the governing law." *Id.*

The party moving for summary judgment must first show no material fact is in dispute. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). It can do so by showing the record establishes facts beyond genuine dispute, or it can show the adverse party "cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). The nonmoving party must then "establish that there is a genuine issue of material fact." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585 (1986). Both must cite "particular parts of materials in the record." Fed. R. Civ. P. 56(c)(1). The court views the record in the light most favorable to the nonmoving party and draws reasonable inferences in that party's favor. *Matsushita*, 475 U.S. at 587–88; *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970).

Although factual claims may defeat a motion for summary judgment even if they are self-serving and uncorroborated, a party cannot force its way to a trial with conclusory assertions. *Nigro v. Sears, Roebuck & Co.*, 784 F.3d 495, 497–98 (9th Cir. 2015). A declaration may be disregarded if it asserts conclusions rather than facts. *Id.* at 498.

#### B. Res Judicata

Fear's claim is barred under res judicata.

"Res judicata, also known as claim preclusion, bars litigation in a subsequent action of any claims that were raised or could have been raised in the prior action." *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001) (quoting *W. Radio Servs. Co. v. Glickman*, 123 F.3d 1189, 1192 (9th Cir. 1997)). "The doctrine is applicable whenever there is

4

1    '(1) an identity of claims, (2) a final judgment on the merits, and (3) identity or privity between
2    parties.'" *Id.*
3       Here, the court's final judgment in *Hedrington* satisfies all three elements of res judicata.
4    *See* Frueh Decl. Ex. B, ECF No. 56-5. First, *Hedrington* and this case share "an identity of
5    claim," as they "arise out of the same transactional nucleus of facts." *Owens*, 244 F.3d at 714
6    (quoting *Frank v. United Airlines, Inc.*, 216 F.3d 845, 851 (9th Cir. 2000)). The complaint in
7    *Hedrington* similarly alleged the hospital employees negligently supervised Hedrington,
8    facilitating the sexual assault. *Hedrington* Not. Removal Ex. A ¶¶ 4, 8, ECF No. 1-1. Second,
9    the court's dismissal of that case based on statute of limitations was a final judgment on the
10   merits. *Ruiz v. Snohomish Cnty. Pub. Util. Dist. No. 1*, 824 F.3d 1161, 1164 (9th Cir. 2016).
11   Third, *Hedrington* and this case involve the same defendant, as well as plaintiffs who are in
12   privity. While Fear has substituted Hedrington in this case, Fear, as the bankruptcy trustee, stands
13   in the shoes of the debtor Hedrington for purposes of res judicata. *In re Keller*, 185 B.R. 796, 800
14   (9th Cir. B.A.P. 1995). Fear is also in a contractual privity with Hedrington. Nelson Suppl. Decl.
15   Ex. A; *Taylor v. Sturgell*, 553 U.S. 880, 893–94 (2008). Thus, all three elements of res judicata
16   are met.
17      Fear argues res judicata based on statute of limitations should not apply because this case
18   was timely and filed first. Opp'n at 5. But as the court discussed with counsel extensively at the
19   hearing, "[t]he date of judgment, not the date of filing, controls the application of res judicata
20   principles." *See Hawkins v. Risley*, 984 F.2d 321, 324 (9th Cir. 1993) (holding the denial of the
21   plaintiff's federal habeas petition precluded his § 1983 lawsuit, although he filed the § 1983
22   action first). Had Hedrington prevailed in the separate *Hedrington* case, res judicata would have
23   precluded this lawsuit and any related double recovery against the United States. *See Vogel v.*
24   *Cotta, Tr. of Cotta Fam. Tr.*, 2018 WL 6137173, at *7 (C.D. Cal. Apr. 9, 2018) ("[R]*es judicata*
25   is a judge-made doctrine 'based upon practical concerns: hostility to relitigation, wariness about
26   double recovery, and anxiety that resources will be wasted by successive suits where one would
27   have sufficed.'"). A final judgment against Hedrington works the same way. Ultimately, the res

judicata doctrine requires a party to "live with the consequences of [his] choice." *Save Bull Trout v. Williams*, __ F.4th __, 2022 WL 16559150, at *6 (9th Cir. 2022).

The court **grants** the government's motion for summary judgment based on res judicata.

C.   **Insufficient evidence for a negligence claim**

Even if Fear's negligence claim is not barred under res judicata, he cannot proceed to a trial because he has provided insufficient evidence to support his negligence claim.

"Negligence is conduct that falls below the standard [of care] established by law for the protection of others against unreasonable risk of harm." *Flowers v. Torrance Mem'l Hosp. Med. Center*, 8 Cal. 4th 992, 997 (1995); *Bennett*, 44 F.4th at 933. A hospital's standard of care is "measured by the capacity of the patient to care for himself." *Valentin*, 76 Cal. App. 2d at 4. Even for an "ordinary" negligence claim, "[t]he standard of care against which the acts of a physician are to be measured is a matter peculiarly within the knowledge of experts; it presents the basic issue in a malpractice action and can only be proved by their testimony, unless the conduct required by the particular circumstances is within the common knowledge of the layman." *Flowers*, 8 Cal. 4th at 1001.

Here, summary judgment of Fear's negligence claim is appropriate. Fear has offered no expert testimony to establish the applicable standard of care and has offered no evidence that a layperson would be able to assess Hedrington's capacity to care for himself when the alleged drugging and assault occurred. *Cf. Valentin*, 76 Cal. App. 2d at 4; *see generally* Opp'n. Fear also has not provided any evidence to show the hospital's negligent supervision of Hedrington. *See generally* Opp'n. Specifically, Fear has not produced any policies or procedures the hospital had in place regarding monitoring or safeguarding patients. *Id.* Nor has he produced any evidence to establish what safeguards should have been in place under California law. *Id.* Although Hedrington's declaration states hospital employees negligently left him unattended, Hedrington Decl. ¶ 3, Fear cannot proceed to a trial based solely on this conclusory assertion in Hedrington's declaration, *Nigro*, 784 F.3d at 497–98.

6

    Because Fear has not shown sufficient evidence to move forward with his negligence claim for a trial, the government's motion for summary judgment also would be granted on these grounds as well.

### IV. CONCLUSION

    For the reasons above, the court **denies** defendant's motion to dismiss, but **grants** defendants' motion for summary judgment.

    This order resolves ECF No. 56.

    The case is ordered to be closed.

    IT IS SO ORDERED.

DATED: January 10, 2023.

                                        CHIEF UNITED STATES DISTRICT JUDGE

**POS-030**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:<br>**ORLONZO HEDRINGTON**<br>3226 W. SPRUCE   FRESNO, CA 93722<br>TELEPHONE NO.: **(559) 978-1614**   FAX NO.*(Optional)*:<br>E-MAIL ADDRESS *(Optional)*:<br>ATTORNEY FOR *(Name)*: : | FOR COURT USE ONLY |

United States District Court, Eastern District of California
STREET ADDRESS: 2500 Tulare Street
MAILING ADDRESS:
CITY AND ZIP CODE: Fresno, CA 93721
BRANCH NAME: District Court

PLAINTIFF/PETITIONER: Orlonzo Hedrington

DEFENDANT/RESPONDENT: United States of America

CASE NUMBER: **2:18-cv-02333-KJM-DB**
HEARING DATE:
HEARING TIME:
DEPARTMENT:

**PROOF OF PERSONAL SERVICE BY FIRST CLASS MAIL--CIVIL**

*(Do not use this Proof of Service to show service of a Summons and Complaint.)*

1. I am over 18 years of age and **not a party to this action.** I am a resident of or employed in the county where the mailing took place.

2. My residence or business address is
   Eddings Attorney Support Services, Inc.
   1099 East Champlain Dr., Suite A-102 Fresno, CA 93720

3. On *(date)*: **2/8/2023**   I mailed from *(city and state)*:
   the following **documents** *(specify)*:
   **Notice of Appeal; Order**

   ☐ The documents are listed in the *Attachment to Proof of Service by First-Class Mail---Civil (Documents Served)* (form POS-030(D)).

4. I served the documents by enclosing them in an envelope and *(check one)*:
   a. ☐ **depositing** the sealed envelope in the United States Postal Service with the postage fully prepaid.
   b. ☑ **placing** the envelope for collection and mailing following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in a sealed envelope with postage fully prepaid.

4. The envelope was addressed and mailed as follows:
   a. **Name** of person served: **Joseph B. Frueh; Assistant United States Attorney**
   b. **Address** of person served: **501 I Street, Ste. 10-100 Sacramento, CA 95814**
   
   ☐ The name and address of each person to whom I mailed the documents is listed in the *Attachment to Proof of Service by First-Class Mail--Civil (Persons Served)* (POS-030(P)).

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: 2/8/2023

County: Fresno Registration: S201810000006
Eddings Attorney Support Services, Inc.
1099 East Champlain Dr., Suite A-102
Fresno, CA 93720
(559) 222-2274
www.Eddings-Online.com

**DAVID BARNHART**
(TYPE OR PRINT NAME OF PERSON WHO SERVED THE PAPERS)   (SIGNATURE OF PERSON WHO SERVED THE PAPERS)

Form Optional for Optional Use
Judicial Council of California
POS-030 [New January 1, 2005]

**PROOF OF PERSONAL SERVICE BY FIRST-CLASS MAIL---CIVIL**

Code of Civil Procedure, § 1013, 1013a
www.courtinfo.ca.gov

E400459