UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ORLONZO HEDRINGTON,

Plaintiff,

v.

UNITED STATES OF AMERICA,

Defendant.

No. 2:18-cv-02333-DAD-SCR

ORDER

This matter has been remanded from the United States Court of Appeals for the Ninth Circuit for further proceedings. ECF Nos. 98 & 99. Plaintiff has confirmed that he is the sole remaining Plaintiff and is proceeding pro se. ECF Nos. 107 & 108. Accordingly, this matter is referred to the undersigned pursuant to Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). The Court held a status conference on October 15, 2026, to discuss whether further discovery or dispositive motion practice is required, and consider dates for a final pretrial conference and trial.

The Court also discussed with the parties three post-remand motions that Plaintiff filed: 1) a motion to consolidate; 2) a motion to vacate a vexatious litigant order; and 3) a motion requesting a jury trial. ECF Nos. 110, 111, & 114.[1] The Court indicated it would deny the motions, and this order memorializes and supplements the Court's oral ruling. The Court also

[1] These motions were not noticed for hearing on the motion calendar as required by Local Rule 230(b), and Defendant did not file an opposition to the motions.

found that further dispositive motion practice was not appropriate given the Ninth Circuit's ruling and that there was nothing in the record furnishing good cause to reopen discovery. However, the Court allowed Plaintiff to file a written motion by October 29, 2026, if he believed additional discovery was necessary. ECF No. 118.

**A. Motion to Consolidate**

Plaintiff's motion to consolidate seeks to consolidate this action with two other cases: 2:24-03541 (the "2024 action") and 2:25-00216 (the "2025 action"). ECF No. 110 at 1-2. Plaintiff appears to seek consolidation of the cases in an attempt to "establish active jurisdiction" over two attorneys who he claims "intercepted and converted" settlement funds from a bankruptcy proceeding. *Id*. at 1. Federal Rule of Civil Procedure 42 provides that a court may consolidate actions that involve common questions of law or fact. A district court has "broad discretion" in determining whether to consolidate actions. *See Pierce v. County of Orange*, 526 F.3d 1190, 1203 (9th Cir. 2008). The 2024 action Plaintiff seeks to consolidate is closed—judgment was entered on September 17, 2026. The 2025 action involves multiple additional defendants and the complaint presents six causes of action. The Court does not find consolidation appropriate. It would delay this already long pending case which is ready to proceed to trial on one FTCA claim. The motion to consolidate is DENIED.

**B. Motion to Vacate Vexatious Litigant Order**

Plaintiff seeks to have the Court vacate a vexatious litigant order that was entered on February 25, 2026, in the 2024 action. That order was not entered by the undersigned and does not appear on the docket in this case. Plaintiff argues that the recent remand from the Ninth Circuit demonstrates that he has a viable, meritorious claim and is not a vexatious litigant. This Court cannot vacate the order entered in the 2024 action. If Plaintiff so chooses, he would need to seek relief in the 2024 action. The motion to vacate is DENIED.

**C. Motion for Jury Trial**

Plaintiff requests a jury trial and his motion states he "inadvertently omitted a formal jury demand" earlier, but that it should be allowed under Federal Rule of Civil Procedure 38. ECF No. 114 at 1. Plaintiff's complaint, when he was represented by counsel, did contain a jury

demand. ECF No. 1 at 4. However, Defendant in its Answer denies that Plaintiff is entitled to a jury trial (ECF No. 9 at ¶ 11), and Defendant argued at the status conference that a jury trial is not appropriate in this FTCA action. Defendant is correct, as 28 U.S.C. § 2402 provides: "Subject to chapter 179 of this title, any action against the United States under section 1346 shall be tried by the court without a jury, except that any action against the United States under section 1346(a)(1) shall, at the request of either party to such action, be tried by the court with a jury." Section 1346(a)(1) applies to civil actions for the recovery of taxes and is not at issue here. Plaintiff is not entitled to a jury trial in this action alleging one count of medical negligence under the FTCA. *See Carlson v. Green*, 446 U.S. 1468, 1473 (1980) ("a plaintiff cannot opt for a jury trial in an FTCA action") (citing 28 USC 2402); *Johnson v. United States*, 734 F.App'x 436 (9th Cir. 2018) (plaintiff not entitled to jury trial on FTCA claim involving the Veteran's Administration); *Sullivan v. U.S. Dep't of Navy*, 365 F.3d 827, 834 (9th Cir. 2004) ("Under the FTCA, the district judge, not a jury, is the trier of fact."). The motion for jury trial is DENIED.

**D. Discovery and Dispositive Motions**

Defendant's status report (ECF No. 115) requests further dispositive motion practice on the res ipsa loquitor issue. As to discovery, Defendant states that the "parties already conducted full discovery" and sees no specific need for additional discovery. ECF No. 115 at 1-2. Defendant stated that some time may be needed to locate witnesses, given that the allegations in the complaint concern events in 2016, and obtain trial preservation depositions. Plaintiff's status report appeared to contemplate reopening discovery (ECF No. 116), and at the status conference Plaintiff stated he may want to obtain additional information from his medical records.

Discovery in this matter had closed prior to the filing of Defendant's motion for summary judgment. *See* ECF Nos. 20 & 46 (setting discovery deadlines). A motion to reopen discovery now would thus require a showing of good cause and diligence. Under Rule 16, a court's scheduling order "controls the subsequent course of the action" unless modified, and modification prior to the final pretrial conference requires a showing of good cause. *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992). Rule 16(b)'s good cause standard "primarily considers the diligence of the party seeking the amendment." *Id.* at 609. In the

context of a motion to amend a Rule 16 order to reopen discovery, the Ninth Circuit has instructed the following factors be considered: 1) whether trial is imminent; 2) whether the request is opposed; 3) whether the non-moving party would be prejudiced; 4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court; 5) the foreseeability of the need for additional discovery; and 6) the likelihood further discovery will lead to relevant evidence. *City of Pomona v. SQM N. Amer. Corp.*, 866 F.3d 1060, 1066 (9th Cir. 2017).

As to Defendant's request for additional dispositive motion practice on the res ipsa loquitur issue, the Court finds the request foreclosed by the Ninth Circuit's decision. The Ninth Circuit has already found that Plaintiff's "evidence raises a triable issue of material fact that precludes summary judgment on the negligence claim under a 'res ipsa loquitur' theory." ECF No. 99 at 2. Accordingly, the Court will not set a further dispositive motion deadline.

The Court will set a date for a pretrial conference and trial by separate order.

For the foregoing reasons, **IT IS HEREBY ORDERED** that:

1. Plaintiff's motion to consolidate (ECF No. 110) is DENIED.
2. Plaintiff's motion to vacate vexatious litigant order (ECF No. 111) is DENIED.
3. Plaintiff's motion for jury trial (ECF No. 114) is DENIED.
4. If Plaintiff wishes to file a motion to reopen discovery, such motion shall be filed on or before **October 29, 2026**, and must demonstrate good cause and diligence.
5. No further dispositive motion deadline will be set.
6. The Court will issue a subsequent order setting a final pretrial conference date, and date for the non-jury trial before Judge Drozd.

IT IS SO ORDERED.

DATED: October 20, 2026.

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE